GLASS *v.* LOCK.

1. BANKS AND BANKING—STOCKHOLDERS—ASSESSMENT.
    Term ''stockholders'' as used in statute imposing liability for 100 per cent. assessment upon holders of stock in a bank for the benefit of depositors means the actual stockholders at the time the bank suspends operation (3 Comp. Laws 1929, § 11945).

2. SAME—CERTIFICATES OF STOCK—EVIDENCE.
    No certificate of stock is essential in order to transfer the title to bank stock as the certificate is not the stock nor essential to the existence of the stock but only authentic evidence of title.

3. SAME—SALE OF STOCK—RIGHTS OF PURCHASER.
    A purchaser of bank stock acquires title thereto and is in a position to compel the seller to surrender his certificate and the bank to recognize purchaser as owner by proper transfer on the books and issue certificate to it unless the bank had a lien upon the stock.

4. SAME—STATUTORY LIABILITY—ENFORCEMENT BY DEPOSITORS.
    Depositors of a bank have a right to enforce the liability for 100 per cent. assessment of the real stockholders of the bank at the time it suspends doing business (3 Comp. Laws 1929, § 11945).

5. SAME—OWNERSHIP OF STOCK—PRESUMPTIONS—BURDEN OF PROOF.
    In the absence of evidence to the contrary, bank stock is presumed to belong to the party in whose name it appears upon the books of the bank and the record owner has the burden of proof that the real owner is someone else when statutory assessment is sought to be collected thereon (3 Comp. Laws 1929, § 11945).

6. SAME—STATUTORY LIABILITY—COMMON LAW.
    The liability for assessment upon bank stockholders imposed for the benefit of the depositors is purely statutory, is in derogation of the common law and must be strictly construed (3 Comp. Laws 1929, § 11945).

7. SAME—STATUTORY LIABILITY—CONSTRUCTION OF STATUTES—BONA
FIDE TRANSFER—CONSIDERATION.

Statute imposing liability for assessment upon bank stockholders
for the benefit of depositors will not be extended to impose such
liability upon those who have made a *bona fide* transfer of
their stock for a valuable consideration while the bank was a
going concern (3 Comp. Laws 1929, § 11945).

8. CORPORATIONS—STOCKHOLDERS—RECORD.

One may be a stockholder though he is not so recorded on the
books of the corporation.

9. BANKS AND BANKING—TEST OF LIABILITY—BENEFICIAL OWNER-
SHIP.

The test of liability for assessment on bank stock is not the
solvency of the transferee but whether the one sought to be
held liable is in fact the real and beneficial owner of the stock
(3 Comp. Laws 1929, § 11945).

10. SAME—DOUBLE LIABILITY—RECORD OWNER.

Record owner of bank stock *held*, not liable for assessment
thereon for benefit of depositors in receiver's action under
agreed statement of facts showing that he ceased to be the
real owner while the bank was a going concern (3 Comp. Laws
1929, § 11945).

11. SAME—RECORD STOCKHOLDER'S TRANSFEREE—CONSIDERATION—
EVIDENCE—ASSESSMENT.

Transferee of bank stock who paid record holder and resold it for
a valuable consideration while bank was a going concern but
without becoming a record owner thereof on books of the bank
*held*, not liable under evidence adduced in action by receiver to
recover bank stockholders' statutory assessment for benefit
of depositors (3 Comp. Laws 1929, § 11945).

12. APPEAL AND ERROR—RECORD.

The Supreme Court must dispose of a case on appeal upon the
record before it.

Appeal from Kent; Verdier (Leonard D.), J.
Submitted November 3, 1938. (Docket No. 117, Cal-
endar No. 40,286.) Decided December 21, 1938.

Action by Harry Glass, Sr., Receiver of American
Home Security Bank, a corporation, against Leon-
ard Lock, Industrial Company, a Michigan corpora-

tion, and E. B. Smith for bank stock assessment. From judgment for defendants Lock and Industrial Company, plaintiff appeals.  Affirmed.

*McCobb & Heaney,* for plaintiff.

*Norris, McPherson, Harrington & Waer,* for defendant Lock.

*Knappen, Uhl, Bryant & Snow,* for defendant Industrial Company.

Potter, J.  December 13, 1937, plaintiff brought suit against defendants to recover a bank stockholders' assessment.  From judgment for defendants, plaintiff appeals.

The American Home Security Bank, a Michigan corporation, was closed by governor's proclamation February 14, 1933.  It subsequently reopened and conducted business under a conservator until a receiver was appointed for it October 2, 1933.  November 15, 1933, a 100 per cent. assessment of the stockholders of the bank was ordered by the State banking commissioner to be levied upon the owners of the stock of the bank.

September 19, 1931, defendant Leonard Lock became the owner of 42 shares of the capital stock of the American Home Security Bank of the par value of $10 a share.  A certificate for the shares was issued and delivered to him by the bank and his name entered by it on its record as owner, which record has never been changed.  Lock was at no time an officer or director of the bank and had no knowledge or notice the bank was in failing circumstances, if such was the fact, until several months after February 14, 1933.

October 29, 1932, Lock desired money with which to pay a premium on life insurance and made a *bona fide* sale of his 42 shares of stock in the bank to the

Industrial Company which paid him the purchase price of the stock. After the date of sale, Lock was never the real owner of any of the capital stock of the American Home Security Bank. November 22, 1932, the defendant Industrial Company sold the stock which it had obtained from Lock to one E. B. Smith at a price of $1.625 per share, obtaining a profit of $5.25 on the transaction, 40 per cent. of which or $2.10 was credited to its salesman. The Industrial Company was dissolved in May, 1937, by limitation of its corporate term. The only evidence of the sale to Smith appears upon its books of account and records which are regular in every respect. Smith's identity was not established by the proofs and, although he was joined as a party defendant, the sheriff of Kent county made return that he was unable to make service of process upon him after diligent search and inquiry. No attempt was made by defendants Lock or Industrial Company to transfer the 42 shares of stock on the records of the American Home Security Bank. The first notice to the bank the stock had been sold by Lock to the Industrial Company was a letter which he sent to the receiver of the bank under date of February 23, 1934, after he had been notified of the assessment and requested to pay the amount of it to the receiver. No attempt was made by the Industrial Company or by E. B. Smith to notify the bank of any subsequent transfer of the 42 shares of stock. The total amount of the stock assessment ordered to be levied is $420 principal and interest at five per cent. from November 15, 1933, a total of $512.63.

3 Comp. Laws 1929, § 11945 (Stat. Ann. § 23.52), provides:

"The stockholders of every bank shall be individually liable, equally and ratably, and not one for an-

other, to satisfy the obligations of said bank to the amount of their stock at the par value thereof, in addition to the said stock.''

The question here involved is whether plaintiff, as receiver of the bank, can hold the defendant Lock liable as a record stockholder regardless of what he describes as an undisclosed transfer of the stock, and whether the Industrial Company, a subsequent owner of the stock, has shown nonliability. There is no claim any transfer of the stock was made fraudulently to evade liability for assessment.

The statute above quoted makes the stockholders individually liable for the benefit of the depositors, and by ''stockholders'' the statute means the actual stockholders at the time the bank suspends operation. No certificate of stock is essential in order to transfer the title to bank stock. A certificate is only authentic evidence of title. It is not the stock or essential to the existence of the stock. Even though there was no previous transfer upon the books of the bank, if Lock had actually sold and transferred his stock to the Industrial Company, the title would have passed and the Industrial Company could have enforced the surrender of the certificate held by Lock and compelled the bank to recognize it as owner by the proper transfer upon the books of the bank and the issue of a certificate to it, unless the bank had a lien upon the stock. The depositors have a right to enforce the liability of the real stockholders at the time of suspension. The records of the bank do not conclusively establish who are its stockholders. *May* v. *McQuillan,* 129 Mich. 392. In the absence of evidence to the contrary, bank stock is presumed to belong to the party in whose name it appears upon the books of the bank and the record owner has the burden of proof that the real owner

is someone else. *May* v. *McQuillan, supra; In re Smith's Estate,* 282 Mich. 566.

A substantially similar question was before the court in *Foster* v. *Row,* 120 Mich. 1, 24, 27 (77 Am. St. Rep. 565) where it was said:

"The sole question, therefore, is, Did such *bona fide* transfer by gift relieve the transferrer from liability under the statute? This liability is purely statutory, is in derogation of the common law, and must be strictly construed. Courts will not hunt excuses to carry it beyond the plain provisions of the statute. * * * All the authorities recognize the right to transfer in good faith and for a valuable consideration. When this is done, and the bank is a going one, statutory liability attaches only to those who are stockholders at the time the bank closes. * * * The law contains no language to justify an implication that it was intended to impose this double liability upon *bona fide* transferrers of stock."

One may be a stockholder, as pointed out in *Gibson* v. *Oswalt,* 269 Mich. 300, though he is not so recorded on the books of the corporation. It seems to be the law of this State that the creditors of an insolvent bank have a right to look to the actual stockholders of the bank for payment of their statutory liability when properly assessed. The beneficial owner is liable for the stock assessment. *Fors* v. *Farrell,* 271 Mich. 358. If the stock was assessable, it was assessable in the hands of the true owners thereof. The object and purpose of the statute is to enable creditors to reach the real parties in interest and impose the legal liability, if any, to pay the assessment upon them. *Ludington State Bank* v. *Estate of Rath,* 274 Mich. 463. The test of liability is not the solvency of the transferee, but whether the one sought to be held liable is in fact

the real and beneficial owner of the stock. *Burrows v. Emery,* 285 Mich. 86.

According to the agreed statement of facts, "from and after the 29th day of October, 1932, said Leonard Lock has never at any time been the real owner of any of the capital stock of said American Home Security Bank." The judgment as to Lock was, therefore, correct.

The evidence of the sale of the 42 shares of stock by the Industrial Company to E. B. Smith plainly appears upon the books of the Industrial Company kept by it in the usual and ordinary course of business, which records are conceded to be regular. Plaintiff contends this evidence is meager. There is no testimony to the contrary. This court must dispose of the case upon the record which indicates the Industrial Company is not the real or beneficial owner of the shares of stock here involved. The undisputed proofs show it sold such stock to Smith for a valuable consideration. There are cases in other States which impose the liability upon the record owner. They are not controlling here. Neither of the defendants comes within the rule in this State fixing statutory liability for assessments on bank stockholders.

Judgment of the trial court is affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.